CHAMBERS OF
CHARLES B. DAY
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MD 20770
(301) 344-0393
FAX (301) 344-0394

January 5, 2012

**VIA ELECTRONIC FILING**

| Michael J. Baratz, Esq. | Jeremy S. Friedberg, Esq. | Robert N. Vohra |
|---|---|---|
| Matthew John Herrington, Esq. | Leitess Leitess Friedberg & | 6715 Wolf Run Shoals Rd. |
| Steptoe & Johnson LLP | Fedder PC | Fairfax Station, VA 22309 |
| 1330 Connecticut Ave., NW | One Corporate Center | |
| Washington, DC 20036 | 10451 Mill Run Circle Ste. 1000 | |
| | Baltimore, MD 21117 | |

Re: *Prestige Capital Corp. v. Target Masonry & Flooring, Inc., et al.*
Civil Action No.: AW-09-1467

Dear Counsel and Mr. Vohra:

The Court has received and reviewed the Affidavit of Jeremy S. Friedberg Concerning Attorneys' Fees and Costs Incurred by Plaintiff/Judgment Creditor Prestige Capital Corporation (ECF No. 59) (the "Affidavit"), which seeks reimbursement for attorneys' fees. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons stated below, the Court GRANTS Plaintiff's request for fees and awards Plaintiff $289.00.

**I.     BACKGROUND**

On August 9, 2011, Plaintiff Prestige Capital Corporation moved to compel Defendant Robert Vohra to respond to discovery. Pl.'s Mot. to Compel and for Discovery Sanctions against Robert Vohra (ECF No. 55) ("Pl.'s Mot. to Compel"). On September 14, 2011, the Court entered a paperless order

> granting in part and denying in part 55 Motion to Compel.
> Defendant Vohra shall serve complete discovery responses within
> 14 days. To the extent Plaintiff seeks an award of fees and
> expenses, an affidavit in support thereof shall be filed within 14
> days. Defendant Vohra shall have 14 days after the filing of any
> affidavit to submit any opposition thereto.

*Prestige Capital Corp. v. Target Masonry & Flooring, Inc.*, No. 09-1467 (D. Md. Sept. 14, 2011) (ECF No. 57) (Paperless Order). Plaintiff filed the Affidavit on September 29, 2011, seeking reimbursement of $443.50 in fees. Defendant did not file an opposition to the Affidavit.

The Court informed Plaintiff on November 29, 2011, that the Affidavit was deficient and gave Plaintiff the opportunity to submit a proper affidavit or affidavits. *Prestige Capital Corp.*, No. 09-1467 (D. Md. Nov. 29, 2011) (ECF No. 60) (Letter Order). Plaintiff did not do so.

## II. DISCUSSION

Under Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure, the Court must "require the party . . . whose conduct necessitated the [discovery] motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Courts determine the amount of attorney's fees to award by first calculating the "lodestar figure." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008)). The lodestar figure equals the number of reasonable hours expended by counsel multiplied by a reasonable hourly rate. *Id*. The Court examines twelve factors to determine the "reasonable" hours and rates:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*See id*. at 243-44 (internal quotation marks omitted) (quoting *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978) (adopting the factors specified by *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))). The Court also relies upon the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases (the "Guidelines"), which are located in Appendix B of the Local Rules of the U.S. District Court for the District of Maryland.

The Court finds *Johnson* factors one and nine most persuasive in evaluating Plaintiff's Motion. Factor one is relevant because Plaintiff's attorneys spent time and effort in filing the Motion to Compel to obtain responses to Plaintiff's First Set of Interrogatories to Defendant in Aid of Execution of Judgment and First Request for Production of Documents Propounded Upon Defendant in Aid of Execution of Judgment. *See* Pl.'s Mot. to Compel at 1-2 (ECF No. 55).

As in virtually every case, factor nine is relevant because the more experienced an attorney, the more efficiently he or she is expected to perform. In this case, Plaintiff did not provide the Court with any information on its attorneys' legal experience. Plaintiff did not even provide the names of the attorneys who worked on the Motion to Compel. Rather, Plaintiff provided documentation showing work purportedly performed by two individuals: "JAP" and "drl." However, as further explained below, these omissions, although improper, do not require the Court to deny Plaintiff's request for fees.

Keeping these factors in mind, the Court will now address the reasonableness of the rates at which counsel seek to be reimbursed and the reasonableness of the hours spent by counsel on the Motion to Compel.

    **A.    Reasonable Billing Rate**

Plaintiff offers the Affidavit in support of the reasonableness of the billing rates of counsel. Standing alone, the Court finds this affidavit insufficient. A party seeking a fee award "must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *See Robinson*, 560 F.3d at 244 (emphasis, citations, and internal quotation marks omitted). Affidavits from "*other* local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community" are the usual form of such evidence. *Id.* (emphasis added); *see also CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000). Mr. Friedberg is Plaintiff's counsel in this case. Thus, his affidavit does not provide adequate, independent evidence of the prevailing market rate for legal services in this community.

However, Plaintiff's failure to provide affidavits from independent counsel is not fatal. Although affidavits are the preferred evidence of the prevailing market rates for legal services, "in the absence of sufficient documentation, the court may rely on its own knowledge of the market." *CoStar*, 106 F. Supp. 2d at 788 (citing *Norman v. Housing Auth.*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The Court . . . is itself an expert on the question [of reasonableness] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (citation and internal quotation marks omitted))). In the District of Maryland, this market knowledge is embedded in the Guidelines. Significantly, the Guidelines provide ranges of reasonable hourly rates based on counsel's years of experience. While the Guidelines are not binding, generally this Court presumes that a rate is reasonable if it falls within these ranges.

Plaintiff did not provide any information on the attorneys who worked on Plaintiff's Motion to Compel. The "Leitess Leitess Friedberg & Fedder, PC Transactions Listing Report" attached as Exhibit A to the Affidavit merely provides that "JAP" performed work for Plaintiff at a rate of $195 per hour and "drl" performed work for Plaintiff at a rate of $140 per hour.[1] *See* Affidavit Ex. A. The website of Leitess Leitess Friedberg & Fedder, PC only lists one attorney with the initials "JAP" – Mr. Joseph Pulver, Esq. *See* http://www.llff.com/attorney.html. Having no other information from Plaintiff, despite the Court's request for further information, the Court will presume that "JAP" refers to Mr. Pulver. The firm website indicates that Mr. Pulver graduated from law school in 2008. *See* http://www.llff.com/attorney_pulver.html. The Guidelines provide a rate range of $150 to $190 per hour for lawyers admitted to the bar for less than five years. The Court will apply a rate within the middle of this range – $170 per hour – because Mr. Pulver graduated in 2008.

Plaintiff has not provided any information on "drl's" position at Leitess Leitess Friedberg & Fedder, PC, and the law firm's website does not show that an attorney with the initials "drl" works at that firm. *See* http://www.llff.com/attorney.html. Without further information on "drl," the Court cannot award fees for this individual's work.

### B. Reasonable Hours

Generally, the party seeking fees "has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *CoStar*, 106 F. Supp. 2d at 788 (citations omitted). Those "records must specify, for each attorney, the date, the hours expended and the nature of the work done." *Id*. Here, the Court finds that Exhibit A to the Affidavit satisfies this burden.

Plaintiff's law firm seeks reimbursement of 2.5 hours of work. *See* Affidavit Ex. A. Exhibit A to the Affidavit shows that Mr. Pulver spent 1.7 hours attempting to contact Mr. Vohra regarding the outstanding discovery and drafting the Motion to Compel. This amount is reasonable considering the tasks undertaken.

### C. Calculation of Fee Award

As a result, the Court calculates Plaintiff's fee award as follows:

| Individual | Hours | Rate | Fees |
|---|---|---|---|
| JAP | 1.7 | $170.00/hr | $289.00 |

---

[1] The Court assumes that these are hourly rates, although Exhibit A to the Affidavit only defines these figures as "Prices."

### III. <u>CONCLUSION</u>

       For the reasons stated herein, the Court awards Plaintiff fees in the amount of $289.00. Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an Order of the Court.

/s/
Charles B. Day
United States Magistrate Judge

CBD/mkh