IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

PRESTIGE CAPITAL CORPORATION
   Plaintiff,

v.                                         Civil Action No. 08:09-01467

TARGET MASONRY & FLOORING, INC.
   *et al.*,
   Defendants.

## AMENDED MEMORANDUM OPINION

The Court has reviewed the entire record, as well as the pleadings and exhibits, with respect to the instant Motions. The issues have been fully briefed and no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated more fully below, the Court **GRANTS** *Plaintiff Prestige Capital Corporation's Motion for Summary Judgment Against Defendant Robert N. Vohra* (Doc. No. 49) and *Plaintiff Prestige Capital Corporation's Motion for Attorney's Fees and Expenses Against Defendant Robert N. Vohra* (Doc. No. 50).

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Prestige Capital Corporation ("Prestige" or "Plaintiff"), a New Jersey Corporation, entered into a Purchase and Sale Agreement during August 2007 with Target Masonry & Flooring, Inc. ("Target") to purchase certain accounts receivable. Target agreed to pay all costs and expenses incurred by Prestige relating to transactions under the agreement, "including, without limitation, all reasonable attorneys' fees. …" *See* Baratz Decl., Doc. No. 49, Ex. B ¶ 21. From August 2007 through April 2009 Prestige purchased invoices issued to Amir's

170641_2

Antiques for services rendered by Target. Those invoices totaled $359,766.50. Under their business arrangement Target owed Prestige Capital $335,682.63 on these invoices.

Following nonpayment by Amir's Antiques of amounts owed under the invoices issued by Target, Prestige entered into a settlement agreement ("April Agreement") with Defendants Target, Ahmad Navid ("Navid"), and Robert N. Vohra ("Vohra"). The parties agreed that Target owed Plaintiff $443,971.55, for unpaid amounts and attorneys' fees, and Navid and Vohra agreed to be held jointly and severally liable for amounts owed under the April Agreement. Target paid Prestige $108,288.92 out of $120,000 due for the first progress payment under the April Agreement, but Target, Navid, and Vohra failed to make a second progress payment and did not cure the breach.

As a result Prestige filed the instant action with this Court. Target, Amir's Antiques, and Navid failed to respond to the Complaint. Consequently this Court entered default judgment against those Defendants in the amount of $335,682.63 on August 19, 2009 (Doc. No. 19) and on November 19, 2009 awarded attorneys' fees and costs of $19,987.95 (Doc. No. 23). However, Vohra filed a timely Answer to the Complaint and, as a result, had no judgment entered against him.

On October 1, 2009 Target, Navid, and Vohra entered into another settlement agreement with Prestige ("October Agreement"). Prestige agreed to forebear executing its judgment in exchange for monthly and quarterly payments of set amounts until the debt was fully paid. Vohra additionally agreed to irrevocably withdraw his Answer in this action, and in the event of default, agreed to consent to the entry of judgment against him identical to the judgment against the other Defendants, less payments received. The Court was made aware of this agreement through the consent status update of December 14, 2009 (Doc. No. 24).

At this point named Target, Navid, and Vohra have paid $45,000 under the October Agreement. Two payments are overdue and a check given for payment has been returned as uncollectible.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if "there is no genuine issue as to any material fact and… the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *see also Celotex Corp. v. Catrett*, 447 U.S. 317, 322 (1986). The party seeking summary judgment carries the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex*, 447 U.S. at 323-25. The nonmoving party must then set forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citations omitted).

## III.    ANALYSIS

### a.  Summary Judgment for Breach of Contract

Pursuant to the April Agreement, New Jersey law is applicable to the breach of contract alleged. Therefore, to prove its claim, Plaintiff must establish that: (1) the parties entered into a valid contract; (2) the Defendant failed to perform his obligations under the contract; and (3) the plaintiff sustained damages as a result. *Murphy v. Implicto*, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007); *Grow Co., Inc. v. Chokshi*, 2006 WL 3783519, at *2 (N.J. Super. Ch. Dec. 22, 2006).

6

170641_2

Vohra has admitted the validity of this contract in his answer. Therefore, there is no dispute as to the first element of the claim. The contract is valid. Additionally, Vohra has conceded that he breached the April Agreement in the October Agreement, which he signed before a notary public. Thus, the second element, breach, is satisfied. Plaintiff has also suffered damages, thereby, satisfying the final element of this cause of action. To date, Defendants have only paid $153,288.92 of the $443,971.55 owed under the April Agreement. Therefore, Defendants jointly and severally owe Prestige a total of $290,682.63, in addition to attorney fees.

Vohra has not responded to this motion to raise any disputes of fact. Thus, there is no dispute of material fact on the record before this Court. Consequently, the Court will **GRANT** the Motion for Summary Judgment against Vohra.

b. **Attorney Fees**

With regard to attorneys' fees, the Plaintiff and Defendants in the Purchase and Sale, April, and October Agreements included language agreeing that attorney fees would be due to Plaintiff for the Purchase and Sale Agreement and for legal fees accrued during related actions. The Plaintiff has attached attorney billing records that show no discrepancies and reasonable explanation of the time used. Plaintiff has created a proper lodestar figure by multiplying the number of hours by a reasonable market rate. *See McDonnell v. Miller Oil co., Inc.*, 134 F.3d 638, 640 (4th Cir. 1998). Furthermore, Plaintiff has provided a full analysis of the twelve Lodestar adjusting factors established in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Dotson v. Pfizer*, 558 F.3d 284, 303 (4th Cir. 2009). The Court finds Plaintiff's request reasonable, and Defendant has expressed no opposition. Therefore, the request for attorneys' fees and expenses in the amount of $113,944.15 will be **GRANTED** by the Court.

7

170641_2

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** *Plaintiff Prestige Capital Corporation's Motion for Summary Judgment Against Defendant Robert N. Vohra* (Doc. No. 49) and *Plaintiff Prestige Capital Corporation's Motion for Attorney's Fees and Expenses Against Defendant Robert N. Vohra* (Doc. No. 50).

This Amended Memorandum Opinion amends the Memorandum Opinion (Doc. No. 51) dated October 25, 2010 and shall be effective *nunc pro tunc* to October 25, 2010 so that the original judgment entered against Robert N. Vohra on that date remains in full force and effect. A separate Order will follow.

*Alexander Williams Jr.*  1/19/12
Alexander Williams, Jr.
United States District Judge